JAMES H. FAULKNER, Retired Justice.
William Marvin Raley, Jr., was charged in a two-count indictment. Count one charged Raley with driving under the influence of alcohol or a controlled substance, in violation of § 32-5A-191, Code of Alabama 1975, and causing serious bodily injury to Ashley Lynn Owens by striking her vehicle from the rear with his vehicle, in violation of § 13A-6-20. Count two charged Raley with recklessly engaging in conduct which created a grave risk of death to another person, in violation of § 13A-6-20, Code of Alabama 1975, causing serious physical injury to Ashley Lynn Owens by driving his vehicle into the rear of her vehicle and causing her to strike a telephone pole.
Raley was tried by a jury and was found guilty of the lesser included offense of reckless endangerment. The trial court ordered a presentence report, and after reviewing it, sentenced Raley to 12 months in the Mobile County jail, and denied his request for probation. Raley appeals.
Around 4:00-4:30 p.m. on January 10, 1990, Ashley Lynn Owens and Kathy Pope travelled from Ashley’s house to Kathy’s apartment in a 1968 Ford LTD automobile driven by Ashley. They went to the apartment to pick up Kathy’s clothes for laundering at Ashley’s house. While they were at Kathy’s apartment, David Pope, Kathy’s husband, pulled into the driveway. David saw a cream-colored automobile drive into his double driveway; the driver stared at him, and then backed the car out of the driveway. The car came in again and then backed out again. The driver said nothing, and neither the Popes nor Ashley knew the driver of the cream-colored car, nor had they ever seen him before.
Ashley and Kathy drove away from Kathy’s apartment and headed toward the Dauphin Island Parkway. The driver of the cream-colored car — later determined to be the defendant, Raley — closely followed Ashley’s car for about one mile to Ashley’s neighborhood. Frightened by the tailgating automobile, she drove by her house to see if anyone was there. Finding nobody home, she drove through the parking lot of the Delchamps grocery store located in front of her house. She went through the lot looking for a security guard because Raley was still closely following her. She did not see a guard, and she turned and started back to Kathy’s apartment. As she drove by Kathy’s apartment she saw David and motioned to him that she was being followed.
After travelling about three miles at high speed closely followed by Raley, Ashley slowed down, and Raley’s car struck Ashley’s car from behind, causing her car to leave the road, roll onto its side, and strike a utility pole. Ashley and Kathy crawled out of a window.
Raley did not stop until he was blocked by David Pope’s car. When Raley stopped, he was met by David, who proceeded to hit Raley in the nose with his fist. When hit by David, Raley fell to the ground and was stumbling around looking for his glasses when the police arrived.
When the police arrived, Officer Mike Hartman administered three on-the-scene sobriety tests to Raley. The first test was the horizontal gaze nystagmus test, the next test was the walk and turn test, and the third test was the one-leg stand. From these tests, the officer formed an opinion that Raley was intoxicated. The officer also smelled the odor of alcohol on Raley’s breath.
Raley denied tailgating Ashley, and his explanation for following her was that he thought that she and Kathy were harboring his run-away daughter in the car and that he was only trying to get his daughter.
*287 Raley claims that the trial court erred by permitting the State to offer testimony on rebuttal of Officer Hartman that Raley admitted striking Ashley’s car. Raley testified that he did not strike Ashley’s car. The investigating officer testified on rebuttal that Raley told him that he did run into Ashley’s car, Raley contends that permitting the officer to testify violated Rule 18.1(a)(2), A.R.Crim.P.Temp.
The record shows that the prosecuting attorney received the case file on the morning of the trial. As soon as he knew of the existence of Raley’s statement, he informed defense counsel.
If the failure to produce Raley’s statement was error, it was error without injury. Rule 45, A.R.App.P. There was sufficient evidence to prove the State’s case without the admission. Ashley testified that Raley’s car hit her car from behind and caused her car to topple over; Ashley’s father, Henry Owens, testified that Ashley was driving his 1968 Ford LTD at the time of the accident, that paint from Raley’s car was on the rear bumper and trunk of his Ford LTD, and that paint from his car was on the fender of Raley’s car. David Pope testified that he saw Raley’s car strike Ashley’s car from behind, causing Ashley to lose control, go into a ditch, and hit a utility pole.
Finally, this Court held in Leverett v. State, 462 So.2d 972 (Ala.Cr.App.1984), that “there is no reversible error where the defendant was acquitted of the offense with respect to which the improper evidence was admitted, although he was convicted of another offense.”
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, serving as a Judge of this court, and his opinion is hereby adopted as that of the court.
The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.